IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHAD EVERETTE THOMPSON                                                                  PLAINTIFF

v.                          Civil No. 4:07-cv-04012

LT. FRANKIE McJUNKINS;
BRAD ABBOTT; DETECTIVE
JIMMY COURTNEY; TOM
FISHER; OFFICER DALE
DORPLE; and NURSE LORI JONES                                                        DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Shad Everette Thompson (hereinafter Thompson) filed this civil rights action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). He proceeds *pro se* and *in forma pauperis*.

Separate Defendant Jimmy Courtney (hereinafter Courtney ) filed a Motion for Judgment on the Pleadings (Doc. 48). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2005), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

**I. Background**

According to the allegations of the Complaint, at about 4:00 p.m. on October 23, 2006, Thompson was standing outside his residence when law enforcement officers with the Hempstead County Sheriff's Department, the Hope Police Department, the Federal Drug Enforcement Administration, and the South Central Drug Task Force arrived. The law enforcement officers stated

they were there to execute an arrest warrant on him. *Complaint* at pages 4-5. Thompson ran to the back of his house. *Id.* at page 5. Lt. McJunkins, with the Hempstead County Sheriff's Department, yelled for Thompson to stop. *Id.* At that point, Thompson states he stopped because he saw two other officers Jimmy Courtney, with the Hope Police Department, and Tom Fisher, with the Drug Enforcement Administration, running towards him. *Id.* Thompson alleges he got down on his knees at that point. *Id.* Two sets of handcuffs were placed on Thompson–one set on his wrists and one set on his ankles. *Id.* He was carried from the front of his house and placed "in behind one of the trucks." *Id.* Thompson indicates he was questioned about drugs. *Id.*

When Thompson denied any knowledge about drugs, he alleges Fisher became hostile grabbed him by the neck and pushed his head into the bed of the truck. *Complaint* at page 5. As a result, Thompson states three of his front teeth were chipped off and his bottom lip was badly cut. *Id.* When he was pushed down by Fisher, Thompson states this caused him to kick Officer Brad Abbott, South Central Drug Task Force.[1] *Id.* Thompson indicates Abbott had been directed to watch him and to hold onto his cuffs. *Id.*

Thompson then yelled for his Mother. *Complaint* at page 5. When she came, he told her the officers were abusing him and to get the teeth for evidence. *Id.* Thompson states the officers would not let her get the teeth and instead pulled a gun on her. *Id.* He alleges the officers then picked him up by the cuffs causing the cuffs to cut into his wrists which made him yell louder causing spit to come out of his mouth and land on Officer Dale Van Dorple, Drug Enforcement Administration.

---

[1] It appears Brad Abbott is a Task Force Officer with the Drug Enforcement Administration. *See Motion to Dismiss* filed by Brad Abbott (Doc. 40).

*Id.* Once the spit hit Van Dorple, Thompson contends Van Dorple kicked him in his right side three times. *Id.*

Following his arrest, he was taken to the Hempstead County Detention Facility (HCDF) and booked on charges of possession of a controlled substance, resisting arrest, battery in the second degree, possession of drug paraphernalia, and fleeing. *Addendum* at ¶ 2. Thompson was transported to the HCDF by Officer Watson. *Complaint* at page 6. When being booked in to the HCDF, Thompson requested medical attention. *Complaint* at page 6. He indicates his mouth was bleeding but no one would help him get medical attention. *Id.*

Thompson alleges that after he requested medical attention, Lori Jones, the nurse at the HCDF, stated his mouth was not her problem and that he needed a dentist. *Complaint* at page 6. Thompson alleges Jones said there was nothing she could do about his situation. *Id.* He also states Jones would not give him anything for the bleeding or the pain. *Id.*

As relief, Thompson requests that he be reimbursed for "the money [he] spent to get [his] teeth fixed." *Complaint* at page 4. Thompson indicates the dental work cost $1,670. *Addendum* (Doc. 6) at ¶ 8(E).

Because Thompson's complaint did not mention any actions taken by certain defendants, he was asked to file an addendum to his complaint. With respect to Courtney, Thompson does not contend Courtney used excessive force against him. *Addendum* (Doc. 6) at ¶ 3. Thompson was asked to explain how he believed Courtney violated his federal constitutional rights. Thompson responded: "Officer Courtney, he was a part of my arrest, and he could have made sure I received medical attention. He knew the condition of my teeth and bottom lip." *Id.*

## II.  Applicable Standard

"On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim." *Glover v. Merck & Co., Inc.*, 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(*citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988)).  In considering a motion to dismiss for failure to state a claim, I must construe the complaint liberally in favor of the Plaintiff and accept the allegations of the complaint as true.  *Hudson v. Norris*, 227 F.3d 1047, 1054 (8th Cir. 2000).

Plaintiff proceeds *pro se*.  The court should not dismiss a *pro se* complaint "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Holloway v. Lockhart*, 792 F.2d 760, 761-62 (8th Cir. 1986)(citations omitted).  Nevertheless, in treating the factual allegations of the complaint as true pursuant to Rule 12(b)(6), the court "do[es] not ... blindly accept the legal conclusions drawn by the pleader from the facts."  *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990)(citations omitted).

## III.  Discussion

Thompson was asked whether he contended Courtney used excessive force against him.  He responded no.  *Addendum* at ¶ 3.  Courtney therefore is entitled to judgment in his favor on the excessive force claim.

I next turn to Courtney's argument that Thompson has failed to state a denial of medical care claim against him.  To state a claim under § 1983, Thompson must establish that Courtney acted under color of state law and that Courtney deprived him of a constitutional or federal right.  *See e.g., Watertown Equipment Co. v. Norwest Bank of Watertown*, 830 F.2d 1487, 1489 (8th Cir. 1987).

"Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

Thompson has not alleged Courtney had any involvement with him other than the initial apprehension and handcuffing. Courtney was not the officer who transported Thompson from the scene of the arrest to the HCDF. *Complaint* at page 6. No allegation was made that Courtney was present at the HCDF.

While being booked at the HCDF, Thompson requested medical attention. *Complaint* at page 6. Thompson saw Nurse Lori Jones while he was still in the booking area of the HCDF. *Addendum* at ¶ 8(D) & ¶ 8(E). Thompson understood from HCDF staff that any medical requests had to go through Jones. *Addendum* at ¶ 8(D).

"[I]f any claim of medical indifference . . . is to succeed, it must be brought against the individual directly responsible for [Thompson's] medical care." *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992). An individual who has no involvement in the treatment decisions made by the medical services personnel at the detention facility cannot be held liable. *See Kulow v. Nix*, 28 F.3d 855, 859 (8th Cir. 1994). There is simply no basis on which Courtney can be held liable for the treatment decisions made by medical personnel at the HCDF.

### IV.  Conclusion

I therefore recommend that the motion for judgment on the pleadings filed by Separate Defendant Jimmy Courtney (Doc. 48) be granted and all claims against him be dismissed.

**The parties have ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections**

**may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

     DATED this 14th day of July, 2008.

    /s/ Barry A. Bryant
    HON. BARRY A. BRYANT
    UNITED STATES MAGISTRATE JUDGE