IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHAD EVERETTE THOMPSON                                                                    PLAINTIFF

      v.                Civil No. 4:07-cv-04012

LT. FRANKIE McJUNKINS;
BRAD ABBOTT; DETECTIVE
JIMMY COURTNEY; TOM
FISHER; OFFICER DALE
DORPLE; and NURSE LORI JONES                                                        DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Shad Everette Thompson (hereinafter Thompson) filed this civil rights action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). He proceeds *pro se* and *in forma pauperis*.

Separate Defendant Robert Gentry (hereinafter Gentry) filed a Motion for Final Judgment pursuant to Rule 54(b) (Doc. 50). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2005), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

**I. Background**

According to the allegations of the Complaint, at about 4:00 p.m. on October 23, 2006, Thompson was standing outside his residence when law enforcement officers with the Hempstead County Sheriff's Department, the Hope Police Department, the Federal Drug Enforcement Administration, and the South Central Drug Task Force arrived. The law enforcement officers stated

they were there to execute an arrest warrant on him. *Complaint* at page 4-5. Thompson ran to the back of his house. *Id.* at page 5. Lt. McJunkins, with the Hempstead County Sheriff's Department, yelled for Thompson to stop. *Id.* At that point, Thompson states he stopped because he saw two other officers Jimmy Courtney, with the Hope Police Department, and Tom Fisher, with the Drug Enforcement Administration, running towards him. *Id.* Thompson alleges he got down on his knees at that point. *Id.* Two sets of handcuffs were placed on Thompson–one set on his wrists and one set on his ankles. *Id.* He was carried from the front of his house and placed "in behind one of the trucks." *Id.* Thompson indicates he was questioned about drugs. *Id.*

When Thompson denied any knowledge about drugs, he alleges Fisher became hostile grabbed him by the neck and pushed his head into the bed of the truck. *Complaint* at page 5. As a result, Thompson states three of his front teeth were chipped off and his bottom lip was badly cut. *Id.* When he was pushed down by Fisher, Thompson states this caused him to kick Officer Brad Abbott, South Central Drug Task Force.[1] *Id.* Thompson indicates Abbott had been directed to watch him and to hold onto his cuffs. *Id.*

Thompson then yelled for his Mother. *Complaint* at page 5. When she came, he told her the officers were abusing him and to get the teeth for evidence. *Id.* Thompson states the officers would not let her get the teeth and instead pulled a gun on her. *Id.* He alleges the officers then picked him up by the cuffs causing the cuffs to cut into his wrists which made him yell louder causing spit to come out of his mouth and land on Officer Dale Van Dorple, Drug Enforcement Administration.

---

[1]It appears Brad Abbott is a Task Force Officer with the Drug Enforcement Administration. *See Motion to Dismiss* filed by Brad Abbott (Doc. 40).

*Id.* Once the spit hit Van Dorple, Thompson contends Van Dorple kicked him in his right side three times. *Id.*

Thompson was then taken to the Hempstead County Detention Facility (HCDF) by Officer Watson. *Complaint* at page 6. When being booked in, Thompson requested medical attention. *Id.* He indicates his mouth was bleeding but no one would help him get medical attention. *Id.*

Thompson alleges that after he requested medical attention, Lori Jones, the nurse at the HCDF, stated his mouth was not her problem and that he needed a dentist. *Complaint* at page 6. Thompson alleges Jones said there was nothing she could do about his situation. *Id.* He also states Jones would not give him anything for the bleeding or the pain. *Id.*

Thompson asserts excessive force and denial of medical care claims against various Defendants. As relief, Thompson requests that he be reimbursed for "the money [he] spent to get [his] teeth fixed." *Complaint* at page 4. Thompson indicates the dental work cost $1,670. *Addendum* (Doc. 6) at ¶ 8(E).

With respect to Gentry, Thompson did not contend Gentry used excessive force against him. However, Thompson contended Gentry exhibited deliberate indifference to his serious medical needs when Gentry failed to make sure Thompson got medical care despite the fact that he was bleeding from the mouth and obviously injured when he was arrested. Thompson maintained Gentry told him he would get Thompson medical care but then just locked him in a cell and did nothing.

On June 6, 2007, Separate Defendant Robert Gentry filed a Motion to Dismiss the claims against him (Doc. 11). On October 30, 2007, the Motion to Dismiss was granted (Doc. 46).

## II. Discussion

Gentry has now moved for entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Pursuant to Rule 54(b) the district court may certify a final judgment where: (a) there are multiple claims or parties: (b) at least one claim or the rights and liabilities of at least one party has been determined; and (3) there is an "express determination that there is no just reason for delay." Fed. R. Civ. P. 54(b).

In deciding whether to grant a motion under Rule 54(b), the "court must first determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtis-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980)(citation omitted).

Once having determined finality, the court must go on to determine if there is just reason for delay. "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Id.* "Even if separable, if it appears that a claim already determined could again be subject to review in a subsequent appeal, then Rule 54(b) certification is improper." *Transport Workers Union of America v. New York City Transit Authority*, 505 F.3d 226, 230 (2nd Cir. 2007).

"Rule 54(b) certifications must, either in express words or by unmistakably clear implication, contain the findings specifically required by the rule." *Bullock v. Baptist Memorial Hosp.*, 817 F.2d 58, 59-60 (8th Cir. 1987). "The sole purpose of a Rule 54(b) order is to provide an opportunity to appeal claims affecting some but not all of the parties or some but not all of the issues." *Orion Financial of S.D. v. American Foods Group*, 201 F.3d 1047, 1049 (8th Cir. 2000). Before granting

the certification, the court must consider the equities involved and take into account judicial administrative interests in an effort to prevent piecemeal appeals. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). A Rule 54(b) certification is reviewed under an abuse of discretion standard. *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993).

In this case, I believe certifying the judgment will result in piecemeal appeals and will not serve judicial economy. Thompson maintains that multiple officers at the scene of the arrest failed in their obligation to obtain medical care for him. This is the same claim asserted by him against Gentry.

### III.  Conclusion

I therefore recommend that the motion for entry of final judgment (Doc. 50) pursuant to Rule 54(b) be denied.

**The parties have ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of July, 2008.

       /s/ Barry A. Bryant
       HON. BARRY A. BRYANT
       UNITED STATES MAGISTRATE JUDGE