IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


SHAD EVERETTE THOMPSON                                                              PLAINTIFF

v.                                           Civil No. 4:07-cv-04012

LT. FRANKIE McJUNKINS;
and NURSE LORI JONES                                                               DEFENDANTS


### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Shad Everette Thompson (hereinafter Thompson) filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Defendants filed a Motion for Summary Judgment (Doc. 58). To assist Thompson in responding to the Motion, a questionnaire was propounded (Doc. 64). Thompson responded to the questionnaire (Doc. 66)(hereinafter *Resp.*). The Motion is now before the undersigned for issuance of this report and recommendation.

### I. Background

On October 23, 2006, several Federal and State law enforcement officers approached Thompson outside his residence to execute an arrest warrant. *Resp.* at ¶ 1. Thompson fled from the officers and they pursued him. *Id.* at ¶ 2.

Thompson alleges that, when confronted by the pursuing officers, he was subjected to excessive force in an attempt to secure his arrest. *Resp.* at ¶ 3. As a result of the altercation with officers, he suffered certain injuries to his lip and teeth. *Id.* at ¶ 4. Specifically, he maintains his three front teeth were broken and his bottom lip was badly cut. *Id.* at ¶ 23.

Thompson does not contend Frankie McJunkins used excessive force against him at the scene of his arrest. *Resp.* at ¶ 5. Instead, Thompson maintains McJunkins violated his rights because he was aware of the condition of Thompson's teeth and bottom lip and did nothing to ensure he received medical care. *Id.* at ¶ 6.

After Thompson's arrest, he was transported to and booked into the Hempstead County Detention Facility (HCDF). *Resp.* at ¶ 7. Shortly after Thompson arrived at the HCDF, he asked the nurse on duty, Lori Jones, to look at his mouth and broken teeth. *Id.* at ¶ 8.

Nurse Jones checked Thompson's mouth and he told her the injuries occurred when the officers jumped him and broke his teeth, busted his lip, and caused injury to the inside of his mouth. *Resp.* at ¶ 9. Nurse Jones contacted and consulted with Dr. Dale Goins, the medical director, and was told that they could not do anything as far as suturing Thompson's mouth. *Defendants' Exhibit* D (hereinafter *Defts' Ex.*) at ¶ 5; *Resp.* at ¶ 10 (without knowledge to agree or disagree). Nurse Jones explained to Thompson that she could not do anything with his broken teeth and that they did not suture the inside of patient's mouths. *Id.* at ¶ 11.

According to Nurse Jones, she gave Thompson an ice pack for the swelling and told him she would check on him when she came back to pass out the bedtime medications. *Defts' Ex.* D at ¶ 7. Thompson, however, states he did not receive any medical attention while in jail and did not receive an ice pack. *Resp.* at ¶ 12.

He indicates he was unable to eat certain foods at all because of the severe pain in his teeth. *Resp.* at ¶ 24. His bottom lip healed in about two weeks. *Id.* His teeth were fixed several weeks later at his Mother's expense. *Id.* at ¶¶ 24-25. An account history for Donna S. Stephens, who Thompson identifies as his mother, indicates he received two porcelain crowns on January 24, 2007. (Doc. 63 at page 2). *See also Resp.* at ¶ 20 (In 2007 Thompson indicates he was treated by Dr. James Tyson for damages caused to his teeth during his arrest on October 23, 2006. He had two porcelain crowns placed on his broken teeth).

According to Nurse Jones, McJunkins informed her that just prior to Thompson's being brought into the HCDF he had taken five hydrocodone pills. *Defts' Ex.* D at ¶ 9; *Resp.* at ¶ 13 (without knowledge to agree or disagree). For this reason, Nurse Jones could not give Thompson any type of pain medication. *Id.* Thompson was not happy with Nurse Jones because she would not give him anything for the bleeding or the pain. *Resp.* at ¶ 14.

According to Thompson, Nurse Jones told him several times that he would have to wait until he went to the Arkansas Department of Correction (ADC) to get any of his teeth fixed. *Resp.* at ¶ 15. Nurse Jones denies having made this statement. *Defts' Ex.* D at ¶ 10. In fact, Nurse Jones states Thompson had just been brought to the HCDF and she had no idea if he was staying in the jail or just being held for questioning. *Id.* at ¶ 12.

Defendants argue Thompson did not again request medical treatment. Thompson, however, asserts he requested medical treatment from Nurse Jones on several occasions. *Resp.* at ¶ 17. Thompson submits no particulars to support this assertion. Thompson indicates he was incarcerated at the HCDF for approximately 197 days before he was sentenced to the ADC. *Id.* at ¶ 19.

Thompson contends Nurse Jones exhibited deliberate indifference when she failed to

provide him medical attention.  *Resp.* at ¶ 21.  With respect to McJunkins, Thompson maintains he asked him several times for medical attention and he did nothing at all.  *Id.* at ¶ 22.

## II.  Applicable Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists."  *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita*, 475 U.S. at 586.  "They must show there is sufficient evidence to support a . . . verdict in their favor."  *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).  "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment."  *Id.* (*citing Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

## III.  The Arguments of the Parties

Defendants contend Thompson can present no set of facts demonstrating that either one of them exhibited deliberate indifference to Thompson's serious medical needs.  Moreover, they maintain Thompson cannot prove any custom or policy of the Hempstead County Sheriff's Department led to the alleged constitutional violations.

Thompson contends McJunkins exhibited deliberate indifference towards Thompson's serious medical needs when McJunkins failed to make sure Thompson got medical care despite the fact that he was bleeding from the mouth and obviously injured when he was brought to the HCDF. He further contends McJunkins ignore requests for medical care made by him. Similarly, although Nurse Jones was aware of his injuries, Thompson maintains she failed to provide him with medical care on the evening he was booked in and ignored his subsequent requests for medical care.

## IV.  Discussion

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 118 S. Ct. 1708, 1719, 140 L. Ed. 2d 1043 (1998)(citation omitted). "Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment as applied to the States by the Fourteenth Amendment." *Hartsfield v. Colburn*, 491 F.3d 394, 396 (8th Cir. 2007). *See Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006)(deliberate indifference is the appropriate standard of culpability for all claims that detention center officials have denied inmates, whether in pretrial or convicted status, adequate medical care). "The Eighth Amendment does not guarantee all prisoners medical care commensurate with that enjoyed by civilian populations." *Hines v. Anderson*, 547 F.3d 915, 922 (8th Cir. 2008).

"Deliberate indifference is a higher standard than gross negligence and [Plaintiff] must prove that officials knew about excessive risks to his health but disregarded them and that their unconstitutional actions in fact caused his injuries." *Senty-Haugen v. Goodno*, 462 F.3d 876, 890 (8th Cir. 2006)(internal citations omitted). "Deliberate indifference is the equivalent to the criminal law standard of recklessness." *Hartsfield v. Colburn*, 491 F.3d 394, 397 (8th Cir. 2007).

"Dental conditions, like other medical conditions, may be of varying severity." *Chance v. Armstrong*, 143 F.3d 698, 702 (2nd Cir. 1998). "A cognizable claim regarding inadequate dental care, like one involving medical care, can be based on various factors, such as the pain suffered by the plaintiff, the deterioration of the teeth due to lack of treatment, or the inability to engage in normal activities." *Chance*, 143 F.3d at 703.

In this case, while Thompson's dental condition apparently went untreated until late January of 2007 when he indicates he received treatment only because his mother paid for the treatment, he has offered no evidence showing any adverse consequences from the delay in his receipt of dental care. *See e.g., Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005)(objective seriousness of delay in treatment must be measured by reference to effect of delay, which must be shown by verifying medical evidence). He does not allege the broken teeth were infected, abscessed, or required immediate attention. With respect to Thompson other injuries to his mouth, Nurse Jones checked the injuries to his lip and mouth and verified with Dr. Goins, the medical doctor who treated jail prisoners, that no suturing could be done. *Defts' Ex.* D at ¶ 5. Thompson indicates these injuries healed within two weeks. There is no genuine issue of fact as to whether Defendants disregarded a substantial risk of harm to Thompson's need for medical or dental treatment.

## V. Conclusion

I therefore recommend that the Motion for Summary Judgment (Doc. 58) be granted and this case dismissed with prejudice.

**The parties have ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections**

**may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

  **DATED** this **20th day of July 2009.**

                 /s/ Barry A. Bryant
                 HON. BARRY A. BRYANT
                 UNITED STATES MAGISTRATE JUDGE